**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIKRANT MISHRA,<br><br>                 Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 10-70450<br><br>Agency No. A097-356-721<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2014[**]
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and GORDON, District Judge.[***]

Vikrant Mishra, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) dismissal of his appeal from an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Mishra did not contest on appeal to the BIA or our court the IJ's denial of his CAT claim. In reviewing the IJ's credibility determination for clear error, the BIA referred to only a subset of the IJ's articulated grounds. We therefore look at the reasons identified by the BIA and the reasoning articulated in the IJ's oral decision in support of those rulings. *Tekle v. Mukasey*, 533 F.3d 1044, 1050-51 (9th Cir. 2008). We review "the BIA's findings of fact and credibility findings for substantial evidence and uphold the BIA's findings unless the evidence compels a contrary result." *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) (citation omitted). Because Mishra submitted his asylum application after May 11, 2005, we also apply the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the IJ's and BIA's adverse credibility determination based on Mishra's failure to correctly identify the year in which his father allegedly helped destroy the Babri Masjid mosque—the act that purportedly provoked retaliation by Muslim terrorists some 14 years later. While minor discrepancies in dates may not always warrant an adverse credibility finding, *see*

2

*Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011), here the 28-year-old Mishra was off by six years. Not only was this a significant discrepancy in dates, but the destruction of the mosque was the basis for his father's attack from which Mishra has allegedly developed a fear of his own persecution. Mishra was given the opportunity to explain this inconsistency, *see Tekle*, 533 F.3d at 1053, and could only muster that he was "not able to remember the exact date and exact year."

The IJ provided "specific and cogent reasons supporting [the] adverse credibility determination," which the BIA adopted. *See Shrestha*, 590 F.3d at 1042. The IJ reasoned that Mishra "may have asserted that the mosque was destroyed in 1998 to make it more recent and make his role as a retaliatory target more credible." Rather than "an error of misspeaking or miscalculating," the IJ determined that Mishra's testimony showed "lack of familiarity which would not be expected if in fact his father's role in this event were the cause of a central problem in the lives of this family." The BIA agreed. This basis alone was sufficient to support the adverse credibility determination. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010) ("[A]s long as one of the identified grounds underlying the credibility finding is supported by substantial evidence . . . we are bound to accept the adverse credibility findings.").

Because substantial evidence supports the IJ's and BIA's adverse credibility determination, we affirm the BIA's determination that Mishra failed to establish eligibility for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003) ("Because we affirm the BIA's determination that [petitioner] failed to establish eligibility for asylum, we also affirm the denial of [petitioner's] application for withholding of removal.").

Petition for review DENIED.